IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| George W. Fickens, ) | Civil Action No.: 2:12-cv-02618-JFA-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Larry Cartledge, *Warden*, ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Respondent ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petitioner's Motion to Dismiss. (Dkt. No. 26.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about September 6, 2012. (Dkt. No. 1.) On December 19, 2012, the Respondent moved for summary judgment. (Dkt. No. 14; see also Dkt. No. 13; Dkt. No. 15.) By order filed December 21, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 16.) Petitioner sought–and received–two extensions of time to respond to the motion. (See Dkt. No. 18; Dkt. No. 20; Dkt. No. 23; Dkt. No. 24.) Instead of responding to the Motion for Summary Judgment, Petitioner filed a Motion to Dismiss. (Dkt. No. 26.) Respondent filed a Response, wherein he stated that if the action is dismissed, "it should be dismissed with prejudice." (Dkt. No. 29 at 1.) Otherwise, Respondent "objects to the Motion to Dismiss" and requests that the Court grant his Motion for Summary Judgment. (Id.)

A plaintiff may voluntarily dismiss an action as of right and without consent of the court either by stipulation of all parties or unilaterally if the defendant has not yet filed an answer or motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1). Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The matter is within the sound discretion of the court, and the traditional principal governing the exercise of discretion is to allow the dismissal "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Burgess v. Atlantic Coast Line Railway Co., 39 F.R.D. 588, 592 (D.S.C. 1966).

Additionally, in deciding a Rule 41(a) motion, a court should consider factors such as: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence on the part of the movant; (3) insufficient explanation of the need for a voluntary dismissal, and (4) the present stage of litigation. Miller v. Terramite Corp., 114 Fed. Appx. 536, 539 (4th Cir. 2004) (quoting Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir.1996)).

In his motion, Petitioner states that while he "still wanted to pursue his case," he cannot find anyone at Perry Correctional Institution to help him. (Dkt. No. 26.) Plaintiff further states that he "prayed about this situation" and thereafter decided that he would like to "petition this motion to the U.S. District Court requesting for a dismissal of my case appeal of this habeas corpus status." (Id.) Plaintiff "prays that this motion be fully granted to [him] by this U.S. District Court." (Id.)

Respondent contends Petitioner is not entitled to a dismissal without prejudice for several reasons: (1) a dispositive motion is pending; (2) Petitioner has not provided a valid reason for his request and has indicated that he still wishes to pursue this action; (3)

2

Petitioner "has not been diligent in seeking relief upon the claims he has raised in this action"; and (4) dismissal without prejudice "would lead to needless future litigation if Petitioner seeks to pursue these claims again in a subsequent federal habeas action" because any subsequent action would be barred by the statute of limitations. (Dkt. No. 29 at 2-3.)

Upon consideration of the four factors listed in Miller v. Terramite Corporation, the undersigned recommends granting Petitioner's Motion to Dismiss (Dkt. No. 26) and dismissing the instant petition without prejudice. See Miller, 114 Fed. App'x at 539. The fact that a dispositive motion is pending pertains to the first and the fourth factor, but the mere filing of a dispositive motion, without more, cannot be the basis for refusing to dismiss without prejudice. Andes v. Versant Corp., 788 F.2d 1033, 1036 n.4 (4th Cir. 1986). Respondent contends Petitioner "has not been diligent in seeking relief upon the claims he has raised in this action," but the undersigned disagrees. The merit of the claims set forth in the habeas petition is not at issue in the present motion, and the undersigned concludes that the second factor–"excessive delay and lack of diligence on the part of the movant"–does not weigh in favor of dismissing with prejudice. It appears the instant habeas petition is timely, and Petitioner has not caused any excessive delay. As noted above, the third factor is the "insufficient explanation of the need for a voluntary dismissal." Miller, 114 Fed. App'x at 539. Although Respondent asserts the Petitioner's explanation is "not valid," Petitioner states that he does not wish to pursue the action without assistance and that he cannot find any such assistance. Such an explanation is not inconceivable.[1]

---

[1] The undersigned further notes that Petitioner would be "entitled to notice of the district court's intention to dismiss with prejudice so that he may consider the options available to him." Jones v. Hill, 75 F.3d 357 (4th Cir. 1995) (unpublished table decision) (citing Andes, 788 F.2d at 1037).

Based on the foregoing and in the Court's discretion, it is recommended that Petitioner's Motion to Dismiss (Dkt. No. 26) be granted, and that this action be dismissed *without prejudice* pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

                                              s/Bruce Howe  Hendricks
                                              United States Magistrate Judge

May 14, 2013
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).